UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SUTHERLIN and
DARRYL McGORE,

        Plaintiffs,        Case No. 1:10-cv-555

v.        Honorable Robert Holmes Bell

UNKNOWN OLIVER et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Darryl McGore, a prisoner incarcerated at Oaks Correctional Facility, filed a complaint in the Eastern District of Michigan pursuant to 42 U.S.C. § 1983, purporting to represent the interests of himself and David Sutherlin. The complaint and a contemporaneously filed "affidavit" were drafted and signed by Plaintiff McGore in his own name and in that of David Sutherlin. The case was opened in both Sutherlin's and McGore's names. The case was then transferred to this Court, and the matter is before the Court on Plaintiff McGore's motion for leave to proceed *in forma pauperis*.

Ordinarily, when there are multiple plaintiffs, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). In the instant case, however, the Eastern District appears to have improvidently opened the case in David Sutherlin's name, listing him as a party Plaintiff notwithstanding the fact that Sutherlin did not sign the complaint. Nor is

there any indication, aside from documents signed only by Plaintiff McGore, that Mr. Sutherlin wished to have a suit filed on his behalf. Plaintiff lacks standing to assert the constitutional rights of other prisoners. *Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973); *Lutz v. LaVelle*, 809 F.Supp. 323, 325 (M.D. Pa. 1991); *Snead v. Kirkland*, 462 F.Supp. 914, 918 (E.D. Pa. 1978). As a consequence, the Court will direct the Clerk to remove David Sutherlin from the caption of this case as a party Plaintiff. Plaintiff McGore therefore is not entitled to an apportionment of the civil action filing fee against David Sutherlin.

Because Plaintiff McGore has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff McGore to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff McGore will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in this Court, having filed more than twenty-five civil actions. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious or failed to state a claim. *See McGore v. Mich. Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi*, No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993). Although all of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff previously has been denied leave to proceed *in forma pauperis* on multiple occasions for having three strikes. *See McGore v. Curtin et al.,* No. 1:10-cv-257 (W.D. Mich. May 19, 2010); *McGore v. Mich. Parole Bd. et al.*, No. 1:09-cv-922 (W.D. Mich. Oct. 23, 2009); *McGore v. Curtin et al.,* No. 1:09-cv-820 (W.D. Mich. Sept. 21, 2009); *McGore v. Rich*, 1:09-cv-395 (W.D. Mich. May 12, 2009); *McGore v. McKee et al.,* 1:04-cv-421 (W.D. Mich. June 29, 2004); *McGore v. Gundy*, No. 1:00-cv-490 (W.D. Mich. Sept. 7, 2000); *McGore v. Gundy*, No. 1:00-cv-486 (W.D. Mich. July 19, 2000); *McGore v. Gundy*, No. 1:00-cv-155 (W.D. Mich. Mar. 15, 2000); *McGore v. Gundy*, No. 1:98-cv-367 (W.D. Mich. Nov. 12, 1998); *McGore v. Mich. Dep't of Corr.*, No. 1:97-cv-202 (W.D. Mich. Apr. 4, 1997).

Since Plaintiff has filed the complaint on behalf of Mr. Sutherlin, the allegations in the complaint do not relate to Plaintiff. Therefore, they do not fall within the exception to the three-strikes rule because they do not allege any facts establishing that Plaintiff is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to

pay the entire civil action filing fee, which is $350.00.  When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:  June 16, 2010                              /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE



**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**